**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YVONNE CHAVEZ,

        Plaintiff,

v.                                                                                           Civ. No. 04-253 JH/WDS

UNITED PARCEL SERVICE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion To Remand To The New Mexico District Court (Doc. No. 7). For the foregoing reasons, the motion should be denied.

**DISCUSSION**

This case involves an employment dispute between Plaintiff Yvonne Chavez ("Chavez") and her former employer, Defendant United Parcel Service ("UPS"). Chavez alleges that she worked for UPS until she sustained a work-related repetitive stress injury to her hand, which forced her to have surgery and leave her employment. Chavez further claims that three months after the surgery, her physician released her to work. Approximately one year later, Chavez made an application to UPS to return to work. UPS declined to rehire Chavez, who claims that this action was a result of discrimination on the basis of her age and alleged disability.

Both parties agree that Chavez's complaint arises, at least in part, under two federal statutes: the Americans With Disabilities Act (ADA) and the Age Discrimination In Employment Act (ADEA). The Defendants filed their Notice of Removal in accordance with 28 U.S.C. §§ 1441 and 1446 and asserted that the district court had original jurisdiction of the case under 28 U.S.C. § 1331. Because

28 U.S.C. § 1441(a) specifically provides that a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction," it is clear that UPS was entitled to remove this case to federal court, as Chavez has alleged claims under two separate federal statutes. The fact that the state courts were given concurrent jurisdiction over those claims does not change this result. *Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir. 1988); *Beckman v. Graves*, 360 F.2d 148, 149 (10th Cir. 1966).

The only question that remains is whether Chavez's argument—that her complaint contains a claim exclusively within the purview of the Workers' Compensation Administration and therefore the entire case must be remanded to state court—is sufficient to defeat this Court's jurisdiction. The Court finds Chavez's argument unconvincing.

First, from the face of her Complaint it is far from clear that Chavez has alleged or even intended to allege a claim under the New Mexico Workers' Compensation Act. Plaintiff does make a claim for "wrongful termination and unlawful hiring practices" under unspecified New Mexico state law. However, Chavez's allegations are so general that they might be construed to contain a claim for common law wrongful discharge, though the Court expresses no opinion on that issue. However, the fact that Chavez has failed to plead the specific statutory elements of a claim under the Workers' Compensation Act indicates that she did not intend to assert such a claim.

Second, it is undisputed that at the time Chavez filed this action in the Second Judicial District, Bernalillo County, State of New Mexico, she had an action pending against UPS in the Workers' Compensation Administration ("WCA"). It is also clear that, had Chavez intended to state a claim for improper discharge under the Workers' Compensation Act, she would have asserted it in the action pending in the WCA. As Chavez herself admits, only the WCA has jurisdiction over such

2

a claim and neither this Court nor the state district court has the power to adjudicate it. In light of that fact, it makes no sense to assume that she intended to include a Workers' Compensation Act claim in lawsuit she filed in New Mexico state district court during the pendency of her workers' compensation case, nor does it make sense to remand the case to a court that Chavez has admitted lacks jurisdiction over such a claim.

In short, this Court has original jurisdiction over Chavez's claims under the ADEA and the ADA. Further, this Court has supplemental jurisdiction over Chavez's state law claim for wrongful termination, which the Court construes as one brought under state law other than the Workers' Compensation Act. Therefore, the removal of this case was proper.

WHEREFORE, IT IS ORDERED that Plaintiff's Motion To Remand To The New Mexico District Court (Doc. No. 7) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE